FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 SEP 23 PM 2:55
CLERK
SO. DIST. GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
v.                              *     CR 117-066
                                *
JACOB LEE CALDWELL              *

## O R D E R

On May 31, 2018, Defendant Jacob Lee Caldwell pled guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c). He was sentenced to 60 months imprisonment. Defendant did not appeal his conviction or sentence.

On September 20, 2019, Defendant filed a motion to appoint counsel to help him seek relief pursuant to a new rule of constitutional law announced in United States v. Davis, --- U.S. ---, 139 S. Ct. 2319 (Jun. 24, 2019). Specifically, in Davis, the United States Supreme Court found that the "residual clause" of 18 U.S.C. § 924(c) is unconstitutionally vague.[1]

---

[1] Section 924(c) imposes a mandatory sentence for a defendant who uses or carries a firearm "during and in relation to any crime of violence." A "crime of violence" under that section is defined as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force" clause], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual" clause].

In order to attack the legality of his sentence, which is what Defendant is trying to do, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence. Here, Defendant's motion to appoint counsel does not reference § 2255 in any way. Nevertheless, this Court intends to recharacterize his motion as a § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a *pro se* motion as a § 2255 habeas petition). This recharacterization means that any subsequent § 2255 motion will be subject to the statutory restriction on "second and successive" § 2255 motions. See 28 U.S.C. § 2255(b) & 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances). Accordingly, Defendant must notify this Court in writing within thirty (30) days hereof if he contests the recharacterization of his motion, whether he wishes to withdraw the motion, or whether he wishes to amend the motion to assert any other § 2255 claims aside from his Davis claim.[2] If Defendant fails to respond to this Order within 30

---

18 U.S.C. § 924(c)(3). The Davis Court invalidated only the residual clause.

[2] The **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case he decides to amend his filing to include additional § 2255 claims. If Defendant chooses to amend his motion, he must set forth all his § 2255 claims on the attached form, including his Davis claim. In other words, if Defendant files an amended motion on the form provided, the Court will not consider the original motion; rather, the amended motion will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Any new claims filed by Defendant are subject to the one-year statute of limitations of the

2

days, his motion for relief will be recharacterized as a § 2255 motion, the Clerk will docket it as a new civil action,[3] and his claim will be addressed under the standards applicable to § 2255 motions.

Further, a habeas petitioner has no absolute constitutional right to the appointment of counsel. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (held in the context of a habeas proceeding under 28 U.S.C. § 2254). Rather, a court may appoint counsel only if the interests of justice so require. 28 U.S.C. § 2255(g) (incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel); see McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (stating that civil litigants, even prisoners, have no constitutional right to counsel; rather, appointment of counsel in civil cases is "a privilege that is justified only by exceptional circumstances" (quoted source omitted)). Here, Defendant has not shown that the interests of justice demand the appointment of an attorney. Accordingly, he is not entitled to the appointment of counsel.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.

[3] **The Clerk shall docket the new civil action as a motion under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of September 20, 2019.**